UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-14 |
| | ) | |
| JOHN EUGENE OVERCASH | ) | |
| | ) | |

**PLEA AGREEMENT**

Defendant, John E. Overcash, represented by his counsel Ronald Harrison, II, Esq., and the United States of America, represented by Assistant United States Attorneys Matthew A. Josephson and E. Greg Gilluly, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to the following Counts:

Count One of the Indictment charging him with Conspiracy to Possess with Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine, and a Quantity of Marijuana, in violation of Title 21, United States Code 846.

Count Twenty-Four of the Indictment charging him with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). At sentencing, the government will move to dismiss all remaining counts against Defendant.

1

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offenses are as follows:

<u>COUNT ONE</u> (Conspiracy to Possess 5 Kilograms or More of Cocaine and a Quantity of Marijuana with Intent to Distribute)

- FIRST: That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess 5 kilograms or more of cocaine, a schedule II controlled substance, and a quantity of marijuana, a schedule I controlled substance;

- SECOND: That the defendant knew the unlawful purpose of the plan and willfully joined in it; and

- THIRD: That the object of the unlawful plan was to possess with the intent to distribute and to distribute 5 kilograms or more of cocaine and a quantity of marijuana.

<u>COUNT TWENTY-FOUR</u> (Felon in Possession of a Firearm)

- FIRST: That the defendant knowingly possessed at least one firearm in or affecting interstate or foreign commerce; and

- SECOND: before possession the firearm(s), the defendant had been convicted of a felony- a crime punishable by imprisonment for more than one year.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning on a date at least as early as December 19, 2016, and continuing up to and including March 2018, the precise dates being unknown, in Glynn and McIntosh Counties, within the Southern District of Georgia, and elsewhere, the defendant, John E. Overcash, aided and abetted by others known and unknown, including Andrew Jackson, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown, to possess with intent to distribute and to

2

distribute 5 kilograms or more of cocaine, a schedule II controlled substance, and a quantity of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846. On August 29, 2017, in Glynn County, the defendant knowingly and intentionally possessed more than 5 kilograms of cocaine and a quantity of marijuana with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). On August 29, 2017, in Glynn County, the defendant, a previously convicted felon, knowingly possessed the firearms and ammunition outlined in Count Twenty-Four of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1). Furthermore, Mr. Overcash agrees that as part of the conspiracy, he stored controlled substances at Richard Carter's residence located at 1199 West Shore Drive in Glynn County. At that same location, as a felon, he also stored firearms, including firearms listed in the indictment. At least one firearm was possessed in furtherance of a felony. He worked extensively with Kenneth Leon Bradley, a co-conspirator, who worked for Overcash. The conspiracy involved at least 5 other conspirators, and Mr. Overcash directed at least one member of the conspiracy.

3.  Possible Sentence

    Count One

    -not less than 10 years of incarceration; and not more than life in prison;
    -not more than a $10,000,000 fine;
    -not less than 5 years of supervised release; and
    -$100 mandatory special assessment.

    Count Twenty-Four
    -not more than 10 years of incarceration;
    -not more than a $250,000 fine;
    -not more than 3 years of supervised release; and
    -$100 mandatory special assessment.

3

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  Agreements Regarding Sentencing Guidelines

    a.  Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or

greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

    b.    <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Assuming his cooperation is truthful and the defendant complies with the terms of this plea agreement, any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

    c.    <u>Recommended Drug Quantity</u>

The parties agree to jointly recommend that the defendant's drug quantity for purposes of calculating the base offense level under 2D1.1 is more than five kilograms but less than 15 kilograms of cocaine.

7.    <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    <u>21 U.S.C. § 851 Enhancement</u>

The government agrees to dismiss the Title 21, Section 851, enhancement against the defendant.

9. <u>Cooperation</u>

   a. <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

   b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

10. <u>Financial Obligations and Agreements</u>

a. <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b. <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100 (per count), payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c. <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d. <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e. <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

f. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal

payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

11. <u>Forfeiture</u>

    a.    The defendant agrees to waive and abandon all rights to property seized in this case ("subject property"). Further, he agrees to the forfeiture provision outlined in the indictment. He agrees to forfeit his interest in all vehicles used to facilitate his drug trafficking, including the Burgundy Ford F 150, the 2005 White Chevrolet Truck, all firearms and ammunition seized in this case and outlined in Count Twenty-Four of the Indictment, including the Savage .270 caliber rifle, SN F789469, Savage 30-06, SN F14941, Ruger .223, SN 196-04734, Savage .22, SN E142602, Henry .22 Caliber, SN 030036, Winchester 12 gauge shotgun, SN L2450612, Berretta 20 gauge shotgun, SN L2450612, Springfield Armory .30 caliber rifle, Assorted Ammo; and agrees to forfeit all cash seized in this case, including the $2207 found in his wallet, the $35,028 found in the dryer at 1199 West Shore Drive, the $15,478 found in the Master Bedroom closet floor and the $7,494 found on the top shelf in the closet, located at 540 Blythe Island Drive, Brunswick GA.

    b.    Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding

pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

    c.    Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.

    d.    Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    e.    Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in this case. Defendant specifically agrees to waive any claims, defenses or challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10

12. <u>Waivers</u>

    a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeal the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

11

      d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, including this plea agreement, and any leads derived therefrom, shall be admissible for any and all purposes.

13. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

14. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

15. <u>Breach of Plea Agreement</u>

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice, tampers with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. Additionally, such a breach by the defendant will be a breach of his cooperation agreement, thereby allowing the government to use all otherwise proffer-protected information at sentencing. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

16. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on following page*

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____  _____
Date                     Brian T. Rafferty
                         New York Bar No. 2809440
                         Chief, Criminal Division

_____  _____
Date                     Matthew A. Josephson
                         Georgia Bar No. 367216
                         Assistant United States Attorney

1-9-19
_____  _____
Date                     E. Greg Gilluly, Jr.
                         Assistant United States Attorney
                         TN Bar. No. 019397

*Signatures on following page*

14

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

1-8-19
Date

John Eugene Overcash, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

1-8-19
Date

Ronald Harrison, II, Esq.
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-14 |
| | ) | |
| JOHN E. OVERCASH | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 15 day of January, 2019.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA